
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/4/05

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| TERRY ELMORE | DOCKET NUMBER 95-CR-30024-03 |
| VS. | JUDGE MELANÇON |
| THE UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

## ORDER

Before the court is Terry Elmore's *pro se* "Motion to Take Leave From the Court to Adopt the Court's Findings and Orders in Co-defendants Victor Kelley and James Earl Shaw" filed on March 7, 2005. [Doc. 555] For the reasons that follow, this Motion has been construed as a second and successive Motion to Vacate under 28 U.S.C. §2255.

## STATEMENT OF THE CASE

Elmore is an inmate in the custody of the Federal Bureau of Prisons. He is serving sentences imposed following his 1996 convictions for drug related felonies in this court.

He moves the court to allow him to adopt various motions filed by his co-defendants, specifically,

1. A Motion to Amend Judgment [Doc. 548] filed on August 27, 2003 by Victor Kelley.[1]

2. A Request for Modifying the Terms and Conditions of Supervision filed on September 4, 2003 by co-defendant Parnell Kelley's United States Probation Officer and an Order granting such relief. [Doc. 549]

---

[1] In this motion Kelley asked to receive a copy of the judgment dismissing his motion filed pursuant to 28 U.S.C. §2255. According to the pleading, Kelley had previously requested a copy of this judgment but had received a copy of the judgment for one of his co-defendants. In response to this request, a copy of the appropriate judgment was provided to Mr. Kelley.

3. A Waiver of Hearing to Modify the Conditions of Probation/Supervised Release filed by co-defendant Victor Kelley and an order granting such relief. [Docs. 550 and 551]

4. A Petition Under 28 U.S.C. §2255 filed on April 6, 1999 by co-defendant James Earl Shaw. [Doc. 430]

Elmore is not entitled to the relief afforded to Victor Kelley. [See Doc. 551] The judgment denying Elmore's § 2255 Motion on January 9, 2002 contained no clerical or typographical errors. [See Doc. 525] Nor is Elemore entitled to the relief afforded Victor and Parnell Kelley with respect to the modifications of the conditions of their supervised release. [Docs. 549 and 550] Elmore remains incarcerated and thus not eligible for supervised release at this time.

Finally, Elmore asks that he be permitted to adopt as his own the grounds asserted in the §2255 motion filed by his co-defendant James Earl Shaw. The record reflects that Shaw filed his §2255 motion on April 6, 1999 and raised three claims for relief: (1) "Petitioner's sentence was imposed in violation of his due process right to be sentenced on accurate information and the court fail[ed] to make a particularized finding of facts as to the actual amount of cocaine to be attributed to defendant Shaw for sentencing purposes." (2) "Petitioner contends that counsel rendered ineffective assistance during sentencing by failing to produce record evidence and properly litigate the fact that Shaw played a minor and lesser role than other defendant, which warranted a 3 point reduction under the United States Sentencing Guidelines." and, (3) "Counsel rendered inadequate assistance of counsel on direct appeal by failing to effectively argue and incorporate circuit precedent which would have in all reasonable [sic] resulted in a remand for re-sentencing." [Doc. 430 at p. 4] On January 13, 2000, the court granted relief on Shaw's §2255

motion [Docs. 475 and 477], and, on January 18, 2000, Shaw was re-sentenced. [Doc. 480]

Elmore filed a §2255 motion on November 15, 2000. [Doc. 493] He raised three claims for relief: (1) "Whether in light of the new evidence of the trial court's error in sentencing movant requires that his sentence be vacated and remanded for re-sentencing to the appropriate Guideline range." (2) "Appellate counsel was ineffective failing to advise movant of the disposition of the appeal or to advise movant of his right to seek writ of certiorari with the assistance of counsel in the Supreme Court." and, (3) "Whether in light of the Supreme Court decision in *Apprendi v. New Jersey* which makes clear that movant's conviction and sentence have been improperly imposed in violation of due process and the Sixth Amendment right to notice and jury trial, movant's conviction and sentence should be vacated or remanded for sentencing." [Doc. 493 at p. 3] On October 17, 2001, Magistrate Judge James D. Kirk authored a Report recommending dismissal of Elmore's §2255 Motion as untimely. [Doc. 505] On January 10, 2002, this court adopted the reasoning of the Magistrate Judge's Report and Recommendation and ordered dismissal of the Motion. [Doc. 525]

Elmore appealed and on July 16, 2002, the Fifth Circuit Court of Appeals affirmed the denial of petitioner's §2255 Motion. [See *United States of America v. Terry Elmore*, No. 02-30134; Doc. 543]

## LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat.1214 (AEDPA) limits the circumstances under which a federal prisoner may file a second or successive motion to vacate in federal court. "[A] subsequent motion is 'second or successive' when it: '1) raises a claim challenging the [movant's] conviction or sentence that was or could

have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998)).

As shown above, Elmore has filed a prior motion to vacate challenging his conviction and sentence. He now seeks to challenge his conviction and sentence based upon grounds urged by one of his co-defendants in a §2255 motion filed by that co-defendant. By adopting the grounds asserted in his co-defendant's motion to vacate, Elmore is in essence asserting additional claims for relief by way of a second or successive motion.

The statute and the jurisprudence required Elmore to present all available claims related to his conviction in the prior motion to vacate: "The requirement that all available claims be presented in a prisoner's first *habeas* petition is consistent not only with the spirit of AEDPA's restrictions on second and successive *habeas* petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal *habeas* petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir.1997)).

Because the instant action seeks to raise claims that Elmore could have raised in his first motion to vacate, the instant motion is successive within the meaning of 28 U.S.C. § 2255. Before he can file a second or successive §2255 motion in this court, Elmore must "move in the [Fifth Circuit Court of Appeals] for an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). A three-judge panel of that court must first determine whether this Court should even consider the

instant motion. *Id. § 2244*(b)(3)(B). The appellate court will authorize the filing of his second or successive motion only upon a *prima facie* showing that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See *id. §§* 2244(b)(3)(C), 2255.

The Fifth Circuit has not issued an order authorizing this court to consider the instant successive motion to vacate. Elmore must obtain such an order before filing the motion in this court.

Although this court may dismiss the instant successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it may also transfer the successive motion to the Fifth Circuit for a determination of whether movant should be allowed to file the successive motion in the district court. See *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir.2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir.1997) (approving the practice of transferring a successive motion to the Circuit and establishing procedures in the Circuit to handle such transfers). Because the Fifth Circuit has already approved the dismissal of petitioner's first motion to vacate as time-barred, a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer to the Fifth Circuit.

Therefore

**IT IS ORDERED** that the "Motion to Take Leave From the Court to Adopt the Court's Findings and Orders in Codefendants Victor Kelley and James Earl Shaw" [Doc. 555] requesting

the Adoption of the Motion to Amend Judgment [Doc. 548], the Request for Modifying the Conditions of Supervision [Doc. 549], the Order granting Report for Modifying the Conditions of Term of Supervised Release [Doc. 549], and, the Waiver of Hearing to Modify Conditions of Probation/Supervised Release [Doc. 550] and the Order Granting the Motion to Amend Judgment as to Victor G. Kelley [Doc. 551] be **DENIED.**

**IT IS FURTHER ORDERED** that the "Motion to Take Leave From the Court to Adopt the Court's Findings and Orders in Codefendants Victor Kelley and James Earl Shaw" [Doc. 555] requesting the Adoption of the Motion to Vacate Sentence filed by James Earl Shaw [Doc. 430} be construed as a second and successive Motion to Vacate under 28 U.S.C. §2255 and that said Motion be **DENIED** and **DISMISSED** without prejudice pending review by a three-judge panel of the United States Fifth Circuit Court of Appeals.

**THUS DONE AND SIGNED** in Chambers, Lafayette, Louisiana, this 4th day of October, 2005.

TUCKER L. MELANÇON
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 10/4/05
BY
TO